UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| TERRANCE D. THEUS | CIVIL ACTION NO. 3:17-CV-1333 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| PAULA BLUNT | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* by *pro se* plaintiff Terrance D. Theus on October 17, 2017. Plaintiff is an inmate incarcerated at the Franklin Parish Detention Center (FPDC) in Winnsboro, Louisiana. His claims stem from an assault by DOC inmates. He names as a defendant State Representative Paula Blunt and prays for compensatory damages.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### *Statement of the Case*

Plaintiff, a pre-trial detainee housed at the FPDC, asserts that on September 14, 2017, he was stabbed by Howard Willis and assaulted by Joseph Freeman and Landard Bellard, DOC inmates housed with him. He received medical treatment following the incident.

Plaintiff asserts that since that day, he has had nightmares and has not been able to sleep. By virtue of this Section 1983 civil rights suit, he asks defendant, Louisiana State Representative Paula Blunt, to help him get justice.[1]

---

[1] Plaintiff's claims against prison officials related to the incident are the subject of a separate lawsuit pending before this Court.

*Law and Analysis*

Section 1983 does not create any substantive rights, but instead provides a remedy for violations of federal statutory and constitutional.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To state a cause of action under § 1983, a plaintiff's claim for relief must allege facts establishing that: (1) plaintiff has been deprived of a right secured by the Constitution or laws of the United States; and (2) defendant acted under color of state law.  *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir. 1997), *cert. denied*, 525 U.S. 822 (1998).

Plaintiff alleges no personal involvement on the part of defendant Paula Blunt.  To the extent he attempts to bring a claim against her based on a violation of the Constitution, plaintiff's claims should be dismissed for failure to state a claim for relief.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, January 17, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE